PEOPLE ex rel. WEAVER v. FARLEY, State Excise Com'r.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

MANDAMUS (§ 76*)—REMOVAL OF OFFICER—CIVIL SERVICE—JUDICIAL REVIEW.

The action of a civil service commission in refusing to place special agents of the state commissioner of excise, who have no discretionary power, in the noncompetitive class, is not so palpably erroneous as to authorize the interference of a court; and the action of such commissioner in defiance of the act of such board in removing such an agent without charges and without a hearing cannot be sustained, in an action of mandamus to compel his reappointment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 158–160; Dec. Dig. § 76.*]

Appeal from Special Term, Albany County.

Mandamus by the People, on the relation of Caius A. Weaver, against William W. Farley, as State Commissioner of Excise, to compel reappointment of the relator as special agent of the department of excise. From an order directing the issuance of a writ, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

A. M. Sperry, for appellant.
Salisbury & Halter, for respondent.

PER CURIAM. The state commissioner of excise attempted to remove this relator from his position as special agent of the department without charges and without hearing. The civil service commission had put the position in the competitive class. The relator was a veteran. Application was made by the state commissioner to put these 60 agents in the noncompetitive class. This was refused by the civil service commission. The state commissioner now asserts that the position cannot be lawfully put in the competitive class, because an examination therefor is not practicable. For many years an examination has been had and special agents selected from a list furnished by the civil service commission. It is not suggested that this system has failed to provide competent and proper special agents. The appellant upon this appeal relies upon the case of People ex rel. Sweet v. Lyman, 157 N. Y. 368, 52 N. E. 132, as holding that an examination for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a special agent was impracticable, and therefore that the civil service commission was not authorized to put that office in the competitive class.

As the law stood at that time, the preference given to honorably discharged soldiers and sailors in the civil service of the state was made not to apply "to the position of private secretary, or deputy of an official, or department, or to any other person holding a strictly confidential position." Laws 1896, c. 821, § 1. The same Legislature which passed that law provided for the appointment of these special agents of the excise department, and declared in the statute that they should be deemed confidential agents of the commissioner. Laws 1896, c. 112, § 10. That special provision of the statute was one of the grounds upon which the decision in Sweet v. Lyman proceeded. But since that time the civil service law has been re-enacted, so that now a veteran's right is not made to depend upon the question whether the position is a confidential one. Consol. Laws, 1909, c. 7. Furthermore, under the excise law, as it stood in 1883, these special agents were given powers as representatives of the commissioner of excise. For instance, upon making affidavit before the district attorney of a county, the district attorney was required to prosecute for penalties under section 37 of chapter 112 of the Laws of 1896. They were thus left to decide whether it was proper that actions should be brought. This power has been taken away from them, and now they are simply to act under the direction of the state commissioner of excise. In view of these changes in the law, we do not deem the decision referred to as controlling upon this question, and under the decision of People ex rel. Merritt v. Kraft, 130 N. Y. Supp. 363, decided at the May term of this court, we think that the determination of the civil service commission cannot be held to be so palpably erroneous as to authorize our interference therewith.

The order should therefore be affirmed, with costs.